UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | |
|---|---|
| MICHAEL A. McCOY, <br><br> Plaintiff, <br><br> -v- <br><br> SHOPPERS FOOD WAREHOUSE, <br><br> Defendant. | Civil Action No. 02-CV-03946 (MJG) |

**DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES
IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
IN SUPPORT OF DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT**

Defendant, Shoppers Food Warehouse, by its undersigned counsel, pursuant to Local Rule 105.2.c, hereby submits this memorandum of points and authorities in opposition to Plaintiff's motion for summary judgment and in support of Defendant's cross-motion for summary judgment, and states:

**I.      INTRODUCTION AND SUMMARY OF ARGUMENT**

This is a case in which the Plaintiff -- who applied for a job under a false name, failed to complete and return his employment application, failed to provide proper proof of identification, and failed to return to his job after working only one four-hour shift -- alleges that Defendant improperly terminated his employment for refusing to shave his beard. Plaintiff claims that he is a victim of unlawful discrimination under Title VII of the Civil Rights Act of 1964 and seeks damages of $1.8 million. As set forth below, Plaintiff's allegations are entirely unsubstantiated and without merit. Furthermore, there is no dispute that Plaintiff falsely identified himself, failed to complete and return his employment application, failed to provide proper proof of identification, and failed to return to his job after working only one four-hour shift. Thus, as a matter of law, Defendant's "termination" of Plaintiff's employment in these

circumstances does not amount to unlawful discrimination. Accordingly, Defendant is entitled as a matter of law to the entry of summary judgment in its favor.

## II. STATEMENT OF FACTS

On March 6, 1996, Michael McCoy, the Plaintiff herein, was convicted of shoplifting items from the Shoppers Food Warehouse store located at 2441 Chillum Road in Hyattsville, Maryland (hereafter "the Chillum Store"). *State v. McCoy*, District Court for Prince George's County, Maryland, Case No. 4E00034724-CR. A true and correct copy of the court docket in this matter is attached hereto at ***Exhibit A***.

On January 14, 1997, Mr. McCoy was convicted of trespassing at the Chillum Store. *State v. McCoy*, District Court for Prince George's County, Maryland, Case No. 4E00058846-CR. A true and correct copy of the court docket in this matter is attached hereto at ***Exhibit B***. Mr. McCoy's probation in this matter was conditioned on him not entering or being found near Shoppers Food Warehouse. *Id*.

On July 2, 1998, Mr. McCoy was again convicted of trespassing at the Chillum Store. *State v. McCoy*, District Court for Prince George's County, Maryland, Case No. 3E00094328-CR. A true and correct copy of the court docket in this matter is attached hereto at ***Exhibit C***.[1] Mr. McCoy's probation in this matter was once again conditioned on him not entering or being found near Shoppers Food Warehouse. *Id*. Thereafter, Mr. Joseph Holman, a former store manager of the Chillum Store barred Mr. McCoy from entering the Chillum Store and maintained a security file on Mr. McCoy. Affidavit of Mike Shannon (hereafter "Shannon Aff."), attached as ***Exhibit D*** hereto, at ¶ 6.

---

[1] See Affidavit of Ellen Hagigh entitled Exhibit 1, attesting to the authenticity of Exhibits A, B and C.

2

In late March, 2001, Mr. Shannon, the present store manager of the Chillum Store hired a man who identified himself as *"Mikail"* McCoy for the position of courtesy clerk. Shannon Aff., *Ex. D,* at ¶¶ 1, 3.[2] At the time of his hire, "Mikail" McCoy had not completed his employment application and new hire packet. *Id*. at ¶ 3. "Mikail" McCoy also was unable to provide the proof of identification necessary for the federally-required Form I-9, such as a social security card or a driver's license. *Id*. Nevertheless, Mr. Shannon hired "Mikail" McCoy to work on March 26, 28 and 30, 2001 and on April 3, 5, and 7, 2001 with the understanding that "Mikail" McCoy would promptly complete his employment application and return it along with proper proof of identification. *Id*.[3]

"Mikail" McCoy did not report to work on March 26, 2001 and March 28, 2001. Shannon Aff., *Ex. D*, at ¶ 4. "Mikail" McCoy did, however, report to work on March 30, 2001. *Id*. He punched in at 6:00 p.m. and punched out at 10:00 p.m. *Id*. "Mikail" McCoy did not return to work at any time after March 30, 2001. *Id*. at ¶¶ 4-5. Not surprisingly, "Mikail" McCoy never returned his employment application and new hire packet, and never provided proper proof of identification. *Id*. at ¶ 5.

The social security number provided by "Mikail" McCoy ▮▮▮▮▮▮▮ at the time of his hire is nearly identical to Michael McCoy's social security number ▮▮▮▮▮▮. Shannon Aff., *Ex. D*, at ¶ 7. It clearly appears that the person who identified himself as "Mikail" McCoy is, in fact, the Michael McCoy who had been banned from the Chillum Store. *Id*. at ¶ 8.

---

[2]   Since at least October 17, 1999, no person named Michael McCoy has ever worked at the Chillum Store. Shannon Aff., *Ex. D,* at ¶ 2.

[3]   "Mikail" McCoy's beard never was an issue. Shoppers Food Warehouse did not have a policy prohibiting beards at the time of "Mikail" McCoy's hire and did not institute any such policy at any time after "Mikail" McCoy was hired. Shannon Aff., *Ex. D,* at ¶ 9. Moreover, Mr. Shannon, the person who hired "Mikail" McCoy, had a beard at the time of "Mikail" McCoy's hiring and continues to sport a beard today. *Id*.

Had Mr. Shannon known that the person who identified himself as "Mikail" McCoy was really the Michael McCoy who had been banned from the Chillum Store; he would not have hired him. *Id*.

Nearly two years later, on or about January 24, 2003, Michael McCoy commenced the instant lawsuit, alleging that he was improperly terminated from his position as a courtesy clerk at the Chillum Store because he refused to shave his beard. *See* Compl. at ¶ 6. Despite the absence of any sworn testimony supporting his core allegation, Mr. McCoy has moved for summary judgment. Mr. McCoy alleges that, as a Muslim, his religious beliefs forbid him from shaving his beard and, therefore, claims his termination was the result of religious discrimination. *See* Pl. Mot. for Summary Judgment at 1-2. Defendant now opposes Plaintiff's motion for summary judgment and cross-moves for summary judgment on grounds that Plaintiff cannot, as a matter of law, establish a *prima facie* case of discrimination or rebut the legitimate, non-discriminatory reasons proffered by Defendant for "terminating" his employment.

### III.   ARGUMENT

#### A.   Summary Judgment Standards

It is well settled that summary judgment shall be rendered if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Teamsters Joint Council No. 83 v. Centra, Inc*., 947 F.2d 115, 119 (4th Cir. 1991); *see also* Fed. R. Civ. P. 56(c). At the summary judgment stage, the district court may consider the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action. *See* Fed. R. Civ. P. 56 (c). The district court does not weigh the evidence but, rather, determines if there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 249 (1986). In making its

determination, the district court must view all evidence in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986).

If there are no material factual disputes, then summary judgment should be entered against a party who fails to make a showing sufficient to establish the existence of an essential element to that party's case and on which the party bears the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In addition, "[w]here the record as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate." *Centra*, 947 F.2d at 119. Thus, as the Fourth Circuit has observed, "[s]ummary judgment is not a disfavored procedural shortcut, but an important mechanism for weeding out claims and defenses that have no factual bases." *Cary v. Anheuser-Busch, Inc.*, 1997 U.S. App. LEXIS 15168 at *5 (4th Cir., June 23, 1997); *see also Felty v. Graves-Humphreys Co.*, 818 F.2d 1126, 1128 (4th Cir. 1987) ("trial judges have an affirmative obligation to prevent factually unsupported claims and defenses from proceeding to trial").

### B.  Plaintiff's Motion for Summary Judgment Should Be Denied

In order to establish a *prima facie* case of religious discrimination under Title VII, the plaintiff must: (1) have a bona fide religious belief which conflicts with an employment requirement; (2) inform the employer of the belief; and (3) be disciplined for failing to comply with the conflicting requirement. *Chalmers v. Tulon Co. of Richmond, 101 F.3d 1012, 1019* (4th Cir. 1996). If the plaintiff can establish a *prima facie* case on his claims, the burden shifts to the defendant to proffer a legitimate, nondiscriminatory reason for its actions. *Evans v. Technologies Applications & Serv. Co.,* 80 F.3d 954, 959 (4th Cir. 1996). The burden then shifts back to the plaintiff to show that the defendant's reason is a pretext for discrimination. *Ennis v. National Ass'n of Bus. & Educ. Radio, Inc.,* 53 F.3d 55, 58 (4th Cir. 1995). At all times, however,

plaintiff maintains the burden of persuasion. *See St. Mary's Honor Ctr. V. Hicks,* 509 U.S. 502, 507, 113 S.Ct. 2742 (1993). Plaintiff's Motion for Summary Judgment should be denied and summary judgment should be entered in favor of the Defendant because Plaintiff has not, and cannot, satisfy the first and third elements of a *prima facie* case or present any evidence that the legitimate, non-discriminatory reasons stated by Defendant are merely pretextual.

As an initial matter, Plaintiff has not presented any ***admissible evidence*** in support of his motion. There are no deposition transcripts, answers to interrogatories, written admissions, affidavits or written stipulations of fact attached to Plaintiff's motion for summary judgment. Plaintiff has presented only unsubstantiated allegations, which are plainly insufficient to support a motion for summary judgment and wholly contradictory to the records maintained by Defendant in the normal course of business. *See Blocker v. Giant Food, Inc.*, 187 F. Supp. 2d 499, 504 (D. Md. 2002) ("mere allegations by [the plaintiff] are insufficient to establish a prima facie case. [The plaintiff] is required to identify specific evidence in the record, and to articulate the precise manner in which that evidence support[s] his claim"). Thus, Plaintiff's motion may be denied on this basis alone.

Plaintiff cannot satisfy the first element of a *prima facie* case because there is no evidence of an employment requirement that conflicted with his alleged religious beliefs. It is undisputed that Shoppers Food Warehouse did not have a policy prohibiting beards at the time of "Mikail" McCoy's hire and did not institute any such policy at any time after Mikail McCoy was hired. Shannon Aff., ***Ex. D***, at ¶ 9. Indeed, Mr. Shannon, the co-manager of the Chillum Store, had a beard at the time of "Mikail" McCoy's hire. *Id*.

Plaintiff also cannot satisfy the third element, which requires him to demonstrate that an adverse action was taken against him "because of" a religious practice. *Id*. at 1025

6

(Niemeyer, J., dissenting); *see also* 42 U.S.C. § 2000e-2(a)(1) (making it unlawful for employer "to discharge any individual . . . *because of* such individual's . . . religion") (emphasis added). It is undisputed that "Mikail" McCoy failed to complete and return his employment application, did not (and could not) provide identification establishing his identity, and failed to show up for work after March 30, 2001. *See* Shannon Aff., ***Ex. D***, at ¶¶ 4-5. "Mikail" McCoy apparently abandoned his job because he could not or refused to produce a completed application or identification required by federal law.

In any event, Defendant clearly had legitimate, non-discriminatory reasons for refusing to hire or for discharging "Mikail" McCoy. *Kelley v. Goodyear Tire and Rubber Co.*, 220 F.3d 1174, 1178 (10th Cir. 2000) (plaintiff's failure to submit complete job application was non-pretextual legitimate, non-discriminatory reason for declining to hire him). Further, Plaintiff cannot point to any evidence that any action (or inaction) by Defendant with regard to "Mikail" McCoy was a pretext for any alleged religious discrimination. *See, e.g., Khan v. Popeye's of Maryland, Inc.*, 179 F. Supp. 2d 548 (D. Md. 2002 ), (summary judgment entered for employer where employee, who alleged age, religion and national origin discrimination, failed to present evidence that his inability to pass "batter fry" test was pretext for discharge); *aff'd,* 34 Fed. Appx. 946 (4th Cir. 2002), *cert. denied,* 123 S.Ct. 899 (2003).

Finally, Plaintiff has not established that any adverse employment action was taken against him.[4] There is no evidence that a ***Michael*** McCoy ever worked in Defendant's Chillum Store during 2001. *See* Shannon Aff., ***Ex. D***, at ¶ 2. Even if ***Mikail*** McCoy is the

---

[4] In his Motion, Plaintiff claims that he was hired but has not alleged that he was terminated. Defendant's records establish that Plaintiff abandoned his job. Plaintiff has not alleged, and cannot establish that he was constructively discharged. "To advance a claim for 'constructive discharge', the plaintiff must establish: 1) the employer deliberately made an effort to force the employee to quit; and 2) that the working conditions were intolerable." *McCain v. Waste Management, Inc.,* 115 F.Supp.2d 568, 574 (D. Md. 2000) (citing *Munday v. Waste Management of N. Am.,* 126 F.3d 239, 244 (4th Cir. 1997).

7

Plaintiff, he never returned after working one, four-hour block of time. As a result, Defendant is entitled to summary judgment on this basis as well.

### C. Defendant Is Entitled To Summary Judgment on its Cross-Motion

As set forth in Section B, above, Plaintiff cannot establish a *prima facie* case of discrimination on the basis of religion. Plaintiff's hours were not reduced (indeed, that is assuming the Plaintiff even worked for Defendant and is the same person who called himself "*Mikail*" McCoy), and Defendant has no policy against having a beard. *See* Shannon Aff., **Ex. D**, at ¶ 9. The only admissible evidence presented to the Court establishes the following: 1) an individual representing himself to be "Mikail" McCoy sought employment with Defendant; 2) he was told that he must complete an application and provide documentation sufficient to satisfy the requirements of the Federal I-9 form; 3) he was placed on the schedule; 4) he never submitted a completed employment application and the requested identification; and 5) he worked for four hours on one day and never returned. *See* Shannon Aff., **Ex. D**, at ¶ 9. Based on this record, Plaintiff cannot establish the first or third elements of a *prima facie* case. Specifically, he neither established that he had a *bona fide* religious belief that conflicted with an employment requirement nor that he was disciplined or otherwise suffered an adverse employment action due to that requirement. Rather, the uncontrovertible record evidence establishes that Defendant maintained no policy against beards and Plaintiff abandoned his job, most likely because he was unable to provide the requested employment application and proof of identification. *See* Shannon Aff., **Ex. D**, at ¶ 9.

Even if Plaintiff could establish a *prima facie* case of employment discrimination based upon his religion, any action (or inaction) taken by Defendant for Plaintiff's failure to complete an employment application and to provide adequate identification, would constitute a

legitimate, non-discriminatory reason for his "termination.". *See Kelley, supra,* 220 F.3d at 1178 (failure to submit complete job application is legitimate, non-discriminatory reason for declining to hire plaintiff).

## IV.   CONCLUSION

For all of the above reasons, Defendant is entitled to entry of summary judgment in its favor. Accordingly, Defendant respectfully requests that the Court deny Plaintiff's motion for summary judgment and, instead, grant Defendant's cross-motion for summary judgment.

Respectfully submitted,

/s/
Richard J. Magid, Bar No. 00029
Frank J. Mastro, Bar No. 24679
Whiteford, Taylor & Preston LLP
Seven Saint Paul Street
Baltimore, Maryland 21202
(410) 347-8700
*Attorneys for Defendant,*
*Shoppers Food Warehouse*

*1483523*